**FILED**
**Jun 20, 2018**
**07:26 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| MARY MOORE,<br>　　　　Employee,<br>v.<br>REAL NURSES LLC,<br>　　　　Employer,<br>and<br>LIBERTY MUTUAL INSURANCE,<br>　　　Insurance Carrier. | Docket No.: 2017-08-1422<br><br>State File No.: 96017-2017<br><br>Judge Deana Seymour |

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

This case came before the undersigned Workers' Compensation Judge on May 30, 2018, upon Mary Moore's Request for Expedited Hearing. The central legal issue is whether Ms. Moore is likely to prevail at a hearing on the merits for entitlement to medical and temporary disability benefits. The Court holds she is not likely to do so and denies her request for benefits at this time.

### History of Claim

Ms. Moore worked as a home health nurse for Real Nurses LLC when she claimed a back injury from turning a patient on December 11, 2017. Ms. Moore's supervisor, Tracie Willis, testified by affidavit that Ms. Moore worked on December 11 and December 14 but declined work on December 15 and December 16. According to Ms. Willis, Ms. Moore contacted the call center approximately thirty minutes after declining work on December 16 and reported her alleged injury.

Ms. Willis provided Ms. Moore a panel of doctors and scheduled an appointment with DeSoto Family Medical. Rather than attending her scheduled appointment, Ms. Moore presented to DeSoto Family Medical several days later, advising she needed a work physical. When Ms. Willis contacted Ms. Moore about the missed appointment, Ms. Moore stated she no longer wanted to see a workers' compensation doctor because she wanted to treat with her own doctor.

1

Later, Ms. Moore filed a Petition for Benefit Determination, after which Real Nurses' workers' compensation insurance carrier provided her with a new panel of physicians. Ms. Moore suggested she signed and returned the panel to adjuster Michael Aviles. However, Mr. Aviles testified by affidavit that he never received it. He further testified that Ms. Moore refused to sign a medical release and provide him with related medical records and bills.

Ms. Moore failed to introduce any medical records or bills into evidence at the Expedited Hearing. Nevertheless, she asked the Court to order Real Nurses to provide medical treatment and pay temporary disability benefits.

Real Nurses argued that Ms. Moore did not meet her burden of proving a work-related injury. It claimed it tried twice to provide Ms. Moore with authorized treatment, but she sought treatment on her own and then refused to provide a medical release or medical records from her unauthorized treatment. Real Nurses contended this refusal of treatment amounted to prejudicial non-compliance under the Tennessee Workers' Compensation Law and urged the passage of time caused by Ms. Moore's delay would make obtaining a causation opinion from a physician more difficult. In addition, Real Nurses questioned the claim because Ms. Moore waited five days to report her injury and because the circumstances surrounding her report were suspicious.

**Findings of Fact and Conclusions of Law**

*Standard Applied*

Ms. Moore bears the burden of proof on the essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). She does not have to prove every element of her claim by a preponderance of the evidence but must present sufficient evidence for the Court to determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

*Causation*

To prove a compensable injury, Ms. Moore must show her alleged injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-102(14)(B) (2017). An injury "arises primarily out of and in the course and scope of employment" only if it contributes more than fifty percent in causing the injury, considering all causes, as shown to a reasonable degree of medical certainty. Tenn. Code Ann. § 50-6-102(14)(B) and (C). This contribution must be established to a reasonable degree of medical certainty, which means that, in the opinion of the physician, it is more

likely than not considering all causes, as opposed to speculation or possibility. *Id.* at (14)(D).

Here, Ms. Moore provided very little explanation about how she injured her back and did not address Real Nurses' concerns regarding the circumstances surrounding her report of the claim. Ms. Moore failed to introduce medical proof of a work injury. Thus, the Court finds she is unlikely to prevail at a hearing on the merits that she sustained an injury arising out of and in the course and scope of her employment.

Furthermore, Ms. Moore's refusal of medical treatment amounts to non-compliance under Tennessee Code Annotated section 50-6-204(d)(8) (2017)("If the injured employee refuses . . . to accept the medical or specialized medical services that the employer is required to furnish under this chapter, the injured employee's right to compensation shall be suspended[.]"). This non-compliance prejudiced Real Nurses by impeding its ability to adequately investigate the claim. For the above reasons, the Court, at this time, denies Ms. Moore's claim for interlocutory relief.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Moore's claim against Real Nurses for medical and temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing **on August 20, 2018, at 10:00 a.m. Central Standard Time.** The parties must call (toll-free) 866-943-0014 to participate in the Hearing. Failure to call may result in a determination of the issues without the parties' participation.

Entered this the 20th day of June, 2018.


_____
**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

## APPENDIX

<u>Exhibits:</u>
1. C-41 Wage Statement
2. Affidavit of Matthew Aviles
3. Affidavit of Tracie Willis

<u>Technical record:</u>
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing and attached affidavit (Collective)
4. Notice of Appearance
5. Order Resetting Expedited Hearing
6. Real Nurses' Witness and Exhibit List

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 20th day of June, 2018.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| **Mary Moore, Employee** | | | X | marydenita@gmail.com |
| **Shaterra Marion, Employer's Attorney** | | | X | shaterra.marion@libertymutual.com |

**Penny Patterson-Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099    rev.4/15                    Page  1 of 2                    RDA 11082

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.


[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support     $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                  RDA 11082